IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00225-LTB-MJW

MURRY L. SALBY,

Plaintiff,

v.

THE STATE OF COLORADO, et al.,

Defendants.

**RECOMMENDATION OF DISMISSAL OF ACTION
FOR FAILURE TO PROSECUTE, FAILURE TO APPEAR, AND REPEATED FAILURE
TO COMPLY WITH COURT ORDERS**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Chief Judge Lewis T. Babcock on February 2, 2007. (Docket No. 2).

This action was commenced by the pro se plaintiff on January 31, 2007. (Docket No. 1). The filing fee was paid in full at that time.

In an Order Setting Scheduling/Planning Conference filed on February 5, 2007 (Docket No. 3), a Rule 16 scheduling/planning conference was set to be held on April 2, 2007, at 8:30 a.m. In that Order, counsel and pro se parties in this case were directed to hold a pre-scheduling conference meeting and prepare a proposed Scheduling Order on or before 21 days prior to the scheduling conference. In addition,

they were directed to submit their proposed Scheduling Order and a brief Confidential Settlement Statement to Judge Watanabe at least five days prior to the scheduling conference. Plaintiff's copy of that Order was sent to the address he provided in his Complaint, and it was not returned to the court by the U.S. Postal Service.

The court finds that the plaintiff was provided notice of the April 2, 2007, conference. Nevertheless, the plaintiff failed to appear, did not move for a continuance of the conference, and did not even telephone the court at the time set for the conference. The weather in Denver on April 2, 2007, at 8:30 a.m. was sunny and clear, and the roads were clear. In addition, plaintiff did not submit a proposed Scheduling Order and a brief Confidential Settlement Statement, as directed, nor had he filed proof of service on the defendants.

Based on the above, immediately following the April 2, 2007, proceeding, this court issued a written Order to Show Cause and Order Resetting Scheduling/Planning Conference. (Docket No. 5). In that Order, this court recited the above history of the case, quoted the provisions of Fed. R. Civ. P. 16(f), Rule 37(b)(2)(B), (C), and (D), 41(b), and 4(m), and directed the plaintiff to appear in person before this court on May 1, 2007, at 8:30 a.m. and show cause why this action should not be dismissed pursuant to the Rules just cited. In that Order, this court also ordered the plaintiff to forthwith serve all defendants and file with the court proof of such service. Finally, the Rule 16 conference was reset to May 1, 2007, at 8:30 a.m., and the court directed the parties to comply with all of the provisions of this court's Order Setting Scheduling/Planning Conference filed on February 5, 2007 (Docket No. 3) and to submit their proposed

3

Scheduling Order to the court on or before April 27, 2007.  Plaintiff was directed to ensure that all of the defendants were served with a copy of that Order to Show Cause and the February 5, 2007 (Docket No. 3), Order.

The plaintiff's copy of the Order to Show Cause and Order Resetting Scheduling/Planning Conference was sent to his last known address and has not been returned to the court as undeliverable.  This court thus finds that the plaintiff had notice of the May 1, 2007, hearing at 8:30 a.m.  Nevertheless, once again plaintiff failed to appear.  On the date and time of the hearing, it was a clear, sunny day in Denver, and the roads were clear.  Plaintiff again failed to move for a continuance or even telephone the court at the time set for the hearing.  Furthermore, no returns of service have been filed, and no appearance was made on behalf of any of the defendants.  In addition, plaintiff once again failed to submit a proposed Scheduling Order and a Confidential Settlement Statement as directed by this court.  It thus appears that the plaintiff taken no action to prosecute this matter.

> Rule 16(f) of the Federal Rules of Civil Procedure provides in relevant part:
>
> If a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a . . . pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(B), (C), and (D), which is referenced in Rule16(f),

permits the following sanctions:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action or proceeding** or any part thereof, or rendering a judgment by default against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(B), (C), (D) (emphasis added).

Furthermore, Rule 41(b) provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

In addition, Rule 4(m) provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant and direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

Based upon the foregoing, it is hereby

**RECOMMENDED** that this action be dismissed pursuant to Fed. R. Civ. P. 16(f),

5

Rule 37(b)(2)(B), (C), and (D), 41(b), and 4(m) based upon the plaintiff's failure to prosecute, failure to appear, and repeated failure to comply with court orders.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:   May 1, 2007            s/ Michael J. Watanabe
         Denver, Colorado       Michael J. Watanabe
                                United States Magistrate Judge